IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| TANGELA MCGLORY, INDIVIDUALLY AND AS PARENT OF MINOR CHILDREN I.C., K.C., I.C., AND C.C. § § § § § § § *Plaintiff,* § § v. § § § § § SUSAN LYNN HICKS § § *Defendant.* § | | CIV ACTION NO. 3:21-cv-284<br><br><br><br>JURY TRIAL DEMANDED |

## DEFENDANT'S NOTICE OF REMOVAL

**TO THE CLERK OF THE COURT:**

PLEASE TAKE NOTICE that, on this date, Defendant Susan Lynn Hicks ("Defendant") files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, removing this matter from El Paso County Court at Law No. 6 in El Paso County, Texas, to the United States District Court for the Western District of Texas, El Paso Division. As grounds for removal, Defendant states as follows:

### I.    BACKGROUND

1. On September 9, 2021, Tangela McGlory, Individually and as Parent of Minor Children, I.C., K.C., I.C., and C.C. ("Plaintiffs") filed a Complaint against Defendant in the County Court of Law No. 6 in El Paso, Texas captioned *Tangela McGlory, Individually and as Parent of Minor Children, I.C, K.C., I.C., and C.C. v. Susan Lynn Hicks*, Cause No. 2021DCV3222.

2. Plaintiffs' Complaint concerns a motor vehicle collision that allegedly occurred on January 6, 2020, in El Paso County, Texas. (Compl., ¶ 6) Plaintiffs' allege they were passengers

in a vehicle traveling westbound in the right lane on Interstate 10 in El Paso County, Texas behind Defendant. *Id*. Further, Plaintiffs' allege Defendant was operating a vehicle with a bumper pop-up travel trailer in tow when she failed to drive in a single lane of traffic. *Id*. Plaintiffs' allege Defendant's failure to maintain her vehicle within a single lane of traffic caused the vehicle Plaintiffs were passengers in to strike the rear of the unit Defendant was towing. *Id*. The impact caused Plaintiffs' vehicle to exit the roadway into the right shoulder, which caused the vehicle to come to a rest in an upright and inoperable position. *Id*. Plaintiffs allege they sustained serious injuries as a proximate result of Defendant's acts and omissions. *Id*.

3. Plaintiffs brought a negligence cause of action against Defendant. (Compl. ¶ 7-8)

4. Plaintiffs seek unliquidated damages for bodily injuries that they allege they suffered as a result of Defendant's negligence, including the following categories of alleged damages:

   a. Medical Expenses in the past;
   b. Medical Expenses that will reasonably incurred in the future;
   c. Loss of earning capacity in the past and in the future;
   d. Loss of care, maintenance, guidance, nurture, support, services, advice, and counsel;
   e. Pain and suffering in the past and the future;
   f. Mental anguish and emotional distress in the past and the future;
   g. Disfigurement;
   h. Impairment.

*See* Compl. ¶ 9-11.

## II.   VENUE AND JURISDICTION

5. Venue is proper in this Court under 28 U.S.C. §§ 81(a)(3), 1391, 1441(a), and 1446(a), because County Court of Law No. 6 of El Paso County, Texas, wherein Plaintiffs filed their Complaint, is a state court within the Western District of Texas.  The accident occurred in Hudspeth County, Texas.

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Plaintiffs and all properly joined Defendants; (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs; and (3) all other requirements for removal have been satisfied.

### A. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN PLAINTIFFS AND DEFENDANT

7. "[C]omplete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (citations and quotations omitted).

8. Plaintiffs are residents of Los Angeles, California. (Compl. ¶ 4)

9. Defendant is an individual. (Compl. ¶ 5) Defendant's last known address, where she was served in accordance with the Texas Long Arm Statute, is 213 Full Circle Ln, Siler City, NC 27344. *Id*. Thus, Defendant is a resident of Siler City, North Carolina for the purposes of diversity jurisdiction.

10. Neither Plaintiffs nor Defendant are residents of Texas. (Compl. ¶ 4-5)

11. Because Plaintiffs are residents of Los Angeles, California and Defendant is a resident of Siler City, North Carolina, complete diversity of citizenship exists between all Plaintiffs and all Defendants in this case.

### B. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00, EXCLUSIVE OF INTEREST AND COSTS

12. This Court has original jurisdiction over suits between diverse parties where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)-(a)(1). In their Complaint, Plaintiffs specifically assert that they are seeking "monetary relief of $250,000.00 but nor more than $1,000,000.00." (Compl. ¶ 11).

13. Consequently, Plaintiffs have asserted alleged damages well in excess of $75,000.00, exclusive of interest and costs, and therefore the minimum jurisdictional amount required for federal diversity jurisdiction has been fully satisfied. See *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (stating "the sum claimed by the plaintiff controls if the claim is apparently made in good faith"); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (stating "in the typical diversity case, the plaintiff remains the master of his complaint")

### C. ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

14. This Notice of Removal is timely filed. Defendant was served the Complaint through the Texas Long-Arm Statute on October 14, 2021. Because Defendant filed this Notice of Removal on November 12, 2021, removal is timely. See 28 U.S.C. 1446.

15. A copy of this Notice of Removal will be promptly filed with the appropriate state court pursuant to 28 U.S.C. § 1446(d).

16. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of the following materials:

    a. Exhibit A: Completed Civil Cover Sheet

    b. Exhibit B: An Index of all Documents Filed in the State Court Case and Copies of Said Documents Filed at the Time of Removal;

    c. Exhibit C: A Copy of the Docket in the State Court Case: and

    d. Exhibit D: Separately Signed Certificate of Interested Persons.

17. As required by 28 U.S.C. § 1446(d), Defendant has served a copy of the Notice of Removal on all adverse parties.

18. Defendant asserts its right to a trial by jury.

19. Defendant does not waive any jurisdictional or other defenses available to it.

20. Defendant reserves the right to supplement this Notice of Removal and/or present additional arguments in support of its entitlement to removal.

### III.   CONCLUSION

WHEREFORE, Defendant requests the Court remove this action from the County Court of Law No. 6 in El Paso County, Texas to the United States District Court for the Western District of Texas, El Paso Division.

Respectfully submitted,

*/s/ David M. Hymer*
David M. Hymer
Texas State Bar No. 10380250
E-Mail: david.hymer@qpwblaw.com

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
1700 Pacific Avenue, Suite 4545
Dallas, Texas 75201
Phone: (214) 754-8755
Fax: (214) 754-8744

**ATTORNEY FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the 12th day of November 2021, a true and correct copy of the foregoing document was served through the Court's electronic filing system to Plaintiff's counsel of record:

Alejandro Acosta, III
Flores, Tawney & Acosta P.C.
906 N. Mesa, 2nd Floor
El Paso, TX 79902
AAcosta@ftalawfirm.com

      */s/ David M. Hymer*
**DAVID M. HYMER**